(No. 15359.—Judgment affirmed.)
THE PEOPLE *ex rel.* Thomas Brodersen, Appellant, *vs.*
GEORGE I. McELDOWNEY *et al.* Appellees.

*Opinion filed June 20, 1923.*

1. STATUTES—*statutes are construed according to their meaning and intent.* Statutes must be construed according to their intent and meaning and not always according to the letter, and a thing within the intention is within the statute though not within the letter and a thing within the letter is not within the statute unless it is within the intention.

2. PARKS—*when petition for park district must be construed according to intention of signers—quo warranto.* A petition for the organization of a park district in Cook county, "excepting therefrom those portions of said territory that are now included in the Forest Preserve District of Cook county," must be construed as intending to except only those portions of the territory as are acquired or owned by the Forest Preserve District, as said district includes all of Cook county and a literal interpretation of the petition would give it an absurd meaning; and in a *quo warranto* proceeding the park district will not be held invalid because the order for its organization uses the same description as the petition.

APPEAL from the Circuit Court of Cook county; the Hon. FRANCIS S. WILSON, Judge, presiding.

HARRY A. GOLDSMITH, for appellant.

ABBOTT, HOOD & SMITH, for appellees.

Mr. JUSTICE DUNN delivered the opinion of the court:

By leave of court an information in the nature of *quo warranto* was filed in the circuit court of Cook county in the name of the People, on the relation of Thomas Brodersen, against George I. McEldowney and others, claiming to act as commissioners of the Chicago Heights Park District, calling upon them to show by what warrant they claimed to hold and execute such offices. The respondents filed a plea setting up the proceedings taken for the organization of the district. A demurrer to the plea was over-

ruled, and the relator electing to stand by his demurrer the court dismissed the information, and the relator appealed.

No objection was made to the regularity of the proceedings, but it is insisted that they are invalid because of the insufficiency of the petition for the organization of the Chicago Heights Park District in failing to clearly and definitely set forth the boundaries. The petition described the territory intended to be embraced in the park district as all those parts of sections 19, 20, 21, 28 and 29 in township 35, north, range 14, east of the third principal meridian, in Cook county, Illinois, now lying and being within the corporate limits of the city of Chicago Heights, in the county of Cook, Illinois, excepting therefrom those portions of said territory that are now included in the Forest Preserve District of Cook county, Illinois. The Forest Preserve District of Cook county is co-terminous with Cook county, as we take judicial notice by virtue of section 3 of the Forest Preserve District act. The entire city of Chicago Heights is therefore included within the limits of the Forest Preserve District of Cook county, and the exemption mentioned in the petition, literally understood, would have the absurd effect of excepting all the land which the petition prayed should be organized into the Chicago Heights Park District. The petition was intended to have some effect, and if such effect can be given it as is within the intention of the petition, its language may be departed from to avoid an absurd conclusion. The limits of the Forest Preserve District of Cook county are the limits of Cook county, but the district is not authorized to exercise its jurisdiction over any of the territory of that county until, in the manner provided by the statute, it has acquired land for that purpose. The statute provides in section 5 that any forest preserve district organized under the act shall have the power to create forest preserves, and for that purpose to acquire and hold lands containing one or more natural forests or parts thereof, or connecting such forests or parts thereof, for the purpose for

which such district was created; and in subsequent sections the jurisdiction and authority of the commissioners of the district over the land so acquired are defined. The plea alleges that at the time of filing the petition for the organization of the Chicago Heights Park District, and at all times afterwards, the Forest Preserve District of Cook county owned and had possession of a tract of land situated within the corporate limits of the city of Chicago Heights, which the plea describes, containing approximately fifteen acres of land, and that it was the intention of the voters of Chicago Heights who filed a petition for the organization of a park district to exclude from the district the territory described, owned by the Forest Preserve District of Cook county.

While the language used in excepting from the parts of sections 19, 20, 21, 28 and 29 the portions of territory not to be included in the park district was not the most apt for that purpose, still, as ordinarily understood, it would leave no doubt of the intention of the signers of the petition. "Included in the Forest Preserve District of Cook county" may be understood in different senses. It may have more than one meaning. Technically it means within the legal boundaries of the district; popularly it may mean included in the land over which the commissioners of the district have assumed jurisdiction and are exercising authority. A rule for the interpretation of statutes is that they must be interpreted according to the intent and meaning and not always according to the letter. A thing within the intention is within the statute though not within the letter, and a thing within the letter is not within the statute unless within the intention. It was said in *Perry County* v. *Jefferson County*, 94 Ill. 214: "There is sufficient authority to warrant departure from the words of a statute when to follow them would lead to an absurd consequence." The same principle applies in this case. If the words referred to are given their technical meaning the petition is meaningless and

308—37

absurd; it can have no effect whatever. If they are taken in the ordinary and popular sense the meaning of the petition is perfectly plain. The petition is signed by the voters, it is to be presumed, having some reasonable intention. It was considered by the county court not as a meaningless paper but as a petition calling for official action, the election was ordered and upon the canvass of the returns the court made an order declaring the park district established by the same description contained in the petition. The words, "included in the Forest Preserve District of Cook county," are properly construed as referring to the land acquired and owned by the forest preserve district for the purposes of the district.

The judgment will be affirmed.      *Judgment affirmed.*

---

(No. 15336.—Reversed and remanded.)
THE PEOPLE *ex rel.* A. E. Woodward, Appellant, *vs.* THE BOARD OF EDUCATION OF COMMUNITY HIGH SCHOOL DISTRICT No. 408, Appellee.

*Opinion filed June 20, 1923.*