(No. 25893.-

THE U. S. INDUSTRIAL ALCOHOL COMPANY, Appellee, *vs.*
S. L. NUDELMAN, Director of Finance, *et al.* Appellants.

*Opinion filed Dec. 16, 1940—Rehearing denied February 12, 1941.*

JOHN E. CASSIDY, Attorney General, (JOSEPH A. LON-
DRIGAN, of counsel,) for appellants.

SLOTTOW & LEVITON, and S. S. DUHAMEL, (CHARLES
LEVITON, of counsel,) for appellee.

Mr. JUSTICE WILSON delivered the opinion of the court:

The plaintiff, the U. S. Industrial Alcohol Company,
filed its complaint and amendments thereto in the circuit

court of Sangamon county against the defendants, the Director of Finance, the Treasurer of the State of Illinois, and the members of the Illinois Liquor Control Commission, seeking to enjoin the transfer, from a special protest fund into general funds, of taxes in the amount of $6752.74 paid under protest, and to obtain their repayment. The defendants' answer was stricken on motion of plaintiff, and upon their refusal to plead further, a decree was entered permanently enjoining the transfer of the taxes into general funds and ordering their repayment. Defendants have prosecuted this appeal.

The following pertinent facts appear in the pleadings. Plaintiff, a West Virginia corporation, holding a license as an importing distributor under the Liquor Control act (Ill. Rev. Stat. 1939, chap. 43, p. 1379), has been engaged, since 1934, in the manufacture, transportation, importation and sale of non-beverage alcohol to non-beverage users. The Department of Finance asserts that during the period, from February 1 to June 30, 1934, plaintiff became indebted to the defendant in the amount of $6752.74 as a tax upon its sales of alcohol for purely industrial or mechanical purposes and incapable of being used as a beverage. In order to obtain a renewal of its license, plaintiff paid the tax under protest in 1938.

The single issue presented for decision is whether the tax prescribed by section 1 of article 8 of the Liquor Control act is imposed upon all types of alcohol, as defendants contend, or only, as plaintiff maintains, upon alcohol capable of human consumption. The statute, entitled, "An act relating to alcoholic liquors," became effective January 31, 1934, upon enactment as an emergency measure by the General Assembly in special session (Laws of 1933-1934, Second Sp. Sess. p. 57; Ill. Rev. Stat. 1939, chap. 43, p. 1379). Section 1 of article 1, provides: "This act shall be liberally construed, to the end that the health, safety and welfare of

the People of the State of Illinois shall be protected and temperance in the consumption of alcoholic liquors shall be. fostered and promoted by sound and careful control and regulation of the manufacture, sale and distribution of alcoholic liquors." As defined in section 2, alcohol means the product of distillation of any fermented liquid, including synthetic ethyl alcohol and excluding denatured or wood alcohol; and spirits, wine and beer are variously described as beverages containing alcohol. Paragraph 5 of section 2 defines alcoholic liquor as including alcohol, spirits, wine and beer, and every liquid and solid containing any of them, and capable of being consumed as a beverage by a human being, but excludes from application of the act, among others, mechanical preparations, and food products unfit for beverage purposes. Section 1 of article 2 requires conformity to this enactment only of those transactions relating to alcoholic liquor for purposes of consumption. The tax in question, imposed by section 1 of article 8 is measured by the number of gallons of beer, wine, or alcohol and spirits manufactured and sold by manufacturers or imported by importing distributors.

The primary aim of statutory construction is to ascertain the legislative intent, by examining not only the language employed, but the evil to be remedied and the end to be attained. (*Schoellkopf v. DeVry,* 366 Ill. 39; *People v. Elgin Home Protective Assn.* 359 id. 379.) In order to determine the problems confronting the legislature, existing circumstances and contemporaneous conditions may be considered. (*Baker & Conrad Inc. v. Construction Co.* 364 Ill. 386; *First Nat. Bank v. Wedron Silica Co.* 351 id. 560.) Rather than the literal meaning of the language employed, its significance in the act, disclosed in the legislative design, will control. (*Sycamore Preserve Works v. Chicago and Northwestern Railway Co.* 366 Ill. 11; *Baker & Conrad, Inc. v. Construction Co. supra.*) An article of merchandise which is within the letter is not regarded as within the stat-

ute unless also within the object, spirit, and meaning of the statute. (*People* v. *McEldowney,* 308 Ill. 575; *Condon* v. *City of Chicago,* 249 id. 596.) Each and every part must be read and construed in the light of the general intent expressed in the entire statute. *People* v. *Nat. Life Ins. Co.* 367 Ill. 35; *People* v. *Nixon,* 353 id. 556.

The intention of the legislature, apparent in the language of the act and from surrounding circumstances, precludes from application of the tax any transactions concerning alcohol incapable of use as a beverage. The expressed objects of the enactment are the fostering of temperance in the consumption of alcoholic liquors, and the protection of the health, safety and welfare of the people. Although alcohol, not expressly restricted in meaning, is included in its definition, alcoholic liquor is clearly limited to beverages. The specific exceptions from the entire act, as well as from the tax, are non-beverages, and a license is required only of those handling alcoholic liquor for purposes of consumption. While alcohol is not in its definition limited to beverage use, yet if admittedly not potable, and to be used solely for industrial or mechanical purposes, it is not within the expressed objects of the act. Contemporaneous conditions fortify this conclusion, the law having been enacted almost immediately after the repeal of the eighteenth amendment to the United States constitution, and as an emergency measure to meet the need for regulation of alcoholic liquors intended for consumption. The alcohol sold by plaintiff, being incapable of any beverage use, was not subject to taxation under section 1 of article 8 of the act as it obtained prior to July 1, 1934.

The decree of the circuit court of Sangamon county is affirmed.

*Decree affirmed.*