Lowell L. Smith, Mayor and Ex-Officio Local Liquor Control Commissioner of City of Carthage, Appellee, v. Mrs. Peter (Ruby) Ballas, Appellant.

Gen. No. 9,603.

Opinion filed October 29, 1948. Released for publication November 24, 1948.

ANGELL & GARRETSON, of Carthage, for appellant.

GEORGE F. BARRETT, Attorney General, of Springfield, for certain appellee.

HAROLD T. GARVEY, of Carthage, for certain other appellee.

MR. JUSTICE WHEAT delivered the opinion of the court.

Petitioner appellant, Mrs. Peter (Ruby) Ballas, applied for a liquor license to Lowell L. Smith, mayor and ex-officio local liquor control commissioner of the City of Carthage, Illinois. The application was denied and appeal was taken to the Illinois liquor control commission, which ordered that the license be granted. Upon review by the circuit court of Hancock county, this order was reversed and the order of the local commissioner, denying the license, was affirmed. This

appeal from the judgment order of the circuit court follows.

■ Although the issue has become moot because the period for which the license was sought has expired, this court recognizes the importance of the question involved, not only to the City of Carthage in the event of another application by appellant, but to other municipalities as well, and therefore will rule upon the case. In recognition of the general public interest in the outcome of the case, the attorney general of the State of Illinois has intervened on behalf of the people, contending that the application for license should be denied. Neither the Appellate Court nor the Supreme Court of Illinois has heretofore construed this section of the Dram Shop Act relating to the distance between the location for which a license is sought and a school, and, more specifically, whether the word "school" means the structure or the real estate.

The building for which the license is sought is situated 101 feet and 1 inch from the high school building of the Carthage School District, a public school with an enrollment between 250 and 275 students, and 87 feet and 8 inches from the nearest point of the real estate on which the school building is located. Paragraph 127, ch. 43, (Dram Shops), Ill. Rev. Stat. 1945 [Jones Ill. Stats. Ann. 68.034], provides as follows:

"No license shall be issued for the sale at retail of any alcoholic liquor within 100 feet of any church, school, hospital, home for aged or indigent persons or for veterans, their wives or children, or any military or naval station; . . ."

Paragraph 94 [Jones Ill. Stats. Ann. 68.001] of such chapter provides:

"This Act shall be liberally construed, to the end that the health, safety and welfare of the People of the State of Illinois shall be protected. . . ."

■ In support of petitioner's contention that the distance referred to in the statute means that between the buildings, there is cited the Rhode Island opinion, *In re Liquor Locations,* 13 R. I. 733. This is entitled to little consideration. The law of such State permits its court to render advisory opinions upon request of the governor, as was done in such case. The matter was *ex parte,* the opinion had no judicial character, and did not even bind such court as a precedent. It is said in Hall on Constitutional Law, page 48: ''The constitutions of a few states, however, expressly require the rendition of such opinions by the highest court of the state at the request of the governor or legislature. Even in these cases such opinions do not acquire a judicial character and bind the court as precedents. Being ordinarily rendered without the arguments of counsel, the court is far less likely to consider all phases of the question; and so, even though it may have given an opinion in favor of the validity of the proposed law to the executive or legislature, it holds itself free to reconsider the question entirely on its merits, if it afterwards comes before the court in actual litigation.''

■■ The primary purpose of statutory construction is to ascertain the legislative intent, by examining not only the language employed, but the evil to be remedied and the end to be attained. (*U. S. Industrial Alcohol Co. v. Nudelman,* 375 Ill. 342.) It would seem that the legislature, by the very act of legislating on the subject and enacting paragraph 127, was not unmindful that a tavern does not furnish a wholesome environment for school children. It is common knowledge that loud and profane language, as well as the alcoholic release of conduct inhibitions, are more apt to be associated with taverns than other businesses. When children are in class rooms within the school building, the effect of a nearby tavern is negligible; it is when they are at play on the grounds, unsupervised,

that the undesirable influences of a tavern might operate. To adopt petitioner's construction of the statute would be to say that a tavern could be located within an inch of the school premises provided it was at least 100 feet from the building proper. Children might, in such case, actually be standing on the school grounds immediately at the tavern windows, so as to see and hear what took place within. They would undoubtedly be attracted, possibly entertained, and certainly not be morally elevated.

 Where there are two possible constructions of a statute, one which leads to an absurd conclusion and the other to a wholesome and effective interpretation, the courts will adopt the latter and reject the former. (*People v. Jerry*, 377 Ill. 493.) The statute must be construed liberally, as provided by paragraph 94, in the interest of the public welfare, having in mind the evil to be remedied and the end to be attained. Accordingly, it is our opinion that the statute contemplates that petitioner was not entitled to a license for the reason that the location for which the license was sought was within 100 feet of the school premises. By reason of this ruling, it is unnecessary to pass upon the other questions raised relating to petitioner's place of residence. The judgment of the circuit court of Hancock county is affirmed.

*Affirmed.*