(No. 33189.— ▮)

THE TRUST COMPANY OF CHICAGO, Trustee, Appellant, *vs.* PHILIP COVNOT, Appellee.

*Opinion filed September 23, 1954.*

NATHAN WOLFBERG, of Chicago, for appellant.

Mr. JUSTICE DAILY delivered the opinion of the court:

This is a direct appeal from a judgment of the municipal court of Chicago which found that appellant, The Trust Company of Chicago, was entitled to possession of an apartment occupied by appellee, Philip Covnot, but stayed the writ of restitution until nine months from the date of judgment. Appellant attacks the latter portion of the judgment in this court and, to support a direct appeal, advances the argument that a construction of the constitution is involved and that the effect of the stay was to deprive appellant of its property without due process of law. Appellee has filed neither an appearance nor brief.

Looking to the sequence of events leading to the appeal, we find appellee had been a tenant in the apartment in question for ten years prior to the time rent ceilings were lifted in April, 1953. In July, 1953, appellant negotiated a new lease with appellee which increased the monthly rental, which was to go into effect on August 1, 1953, and provided for a month-to-month tenancy terminable at the option of either party on thirty days' notice. Appellant mailed such a notice to appellee on October 30, 1953, and, when the latter failed to vacate, this action for possession was commenced. The judgment above described was entered on December 18, 1953, and appellant immediately signified its intention to appeal. Thereafter, on January 18, 1954, when the trial court certified the report of proceedings, there was incorporated therein a statement by

the court that it had been informed appellee had removed from the premises in question on January 15, 1954, a fact which appellant concedes to be true in this court.

It may be seen from the facts, therefore, that the stay of the writ of restitution to which appellant objects has been vitiated by appellee's voluntary removal from the premises. This court has held, in *People ex rel. Cairo Turf Club* v. *Taylor,* 2 Ill. 2d 160, and *People* v. *Redlich,* 402 Ill. 270, that, as a general rule, "when a reviewing court has notice of facts which show that only moot questions or mere abstract propositions are involved or where the substantial questions involved in the trial court no longer exist, it will dismiss the appeal or writ of error." On the other hand, we have likewise held that even though the issue of a particular case has become moot, we will retain jurisdiction where the question is one of such public moment as to make imperative the need for a positive rule for the future guidance of the public and its officials. *People ex rel. Wallace* v. *Labrenz,* 411 Ill. 618. See also *Smith* v. *Ballas,* 335 Ill. App. 418, 82 N.E. 2d 181.

Appellant interprets the decision of the trial court as throwing into conflict the entire issue, important to the public, of when a court may stay a writ of restitution. We find nothing, however, to support such a conclusion. When the stay of the writ of restitution was entered in this cause, as at the present, section 17.1 of the Forcible Entry and Detainer Act (Ill. Rev. Stat. 1953, chap. 57, par. 17.1,) provided that in an action for possession of premises used for residence purposes, a court "may grant a stay of execution for not more than 9 months" if it determines "that immediate execution would work a hardship on the defendant, and that the defendant has not used the premises for any illegal or immoral purpose." A subsequent proviso, however, ordains that the section shall not apply: "Where the tenancy in question is under a written lease which first went into effect after April 30, 1953."

The terms of the statute are clear and unambiguous and, while it is apparent in this cause that the trial court, after hearing evidence of hardship, overlooked the proviso which deprived it of discretion to grant a stay because the lease in question had gone into effect subsequent to April 30, 1953, such error does not have the claimed effect of creating doubt as to the meaning of the statute which requires any clarification on this appeal. Aside from the fact that the plain language of the statute obviates the necessity for this court to state a positive rule for future guidance, it is obvious that the situation presented by the facts is not one of frequent recurrence.

The question of the stay of the writ of restitution having become moot and there being presented no constitutional or public question of such imperative nature as to cause us to retain jurisdiction, the appeal is dismissed.

*Appeal dismissed.*