(No. 33454.—

EUSEBIUS J. BIGGS, Appellant, *vs.* ROY F. CUMMINS *et al.*, Appellees.

*Opinion filed March 24, 1955—Rehearing denied May 16, 1955.*

Eusebius Biggs, *pro se.*

Latham Castle, Attorney General, of Springfield, (William C. Wines, Raymond S. Sarnow, and A. Zola Groves, of counsel,) for appellees.

Mr. Justice Klingbiel delivered the opinion of the court:

Eusebius J. Biggs appeals from an order of the circuit court of Cook County, which affirmed a decision of the board of review for the Department of Labor finding that during the year 1952 appellant was an employer liable for payment of contributions under the Unemployment Compensation Act. Ill. Rev. Stat. 1953, chap. 48, pars. 300-820.

The administrative proceedings originated with a claim filed by one George Bingham for unemployment compensation. In processing the claim a deputy of the Division of Unemployment Compensation found that Bingham was paid wages in the amount of $2432.20 by appellant in 1952, that during such year appellant was an employer liable for the payment of contributions under the act, and that Bingham was entitled to unemployment compensation. Upon appeal by appellant to a referee, and further appeal from the referee's decision to the board of review of the

Department of Labor, the decision of the deputy was affirmed. Appellant thereafter filed the present complaint in the circuit court seeking a review under the provisions of the Administrative Review Act. (Ill. Rev. Stat. 1953, chap. 110, pars. 264-279.) The board of review filed an answer, consisting of the entire record of the proceedings before the Department of Labor commencing with the claim for benefits. The claimant, George Bingham, also filed an answer, and appearances were filed for the other defendants.

Appellant then filed a purported motion in which he asserts that the record as filed by the board of review is incomplete in that it fails to contain his "testimony" showing the Department of Labor to be dominated and controlled by labor unions for illegal purposes. The motion contains lengthy recitals of appellant's past experiences with labor unions, of previous administrative proceedings concerning other matters in which he participated, and of certain prior litigation with the board of review. The motion further sets forth that evidence supporting the statements contained therein is in possession of the defendants other than Bingham, and that they have refused to supply it to the court. It concludes by moving the court to enter judgment declaring the Unemployment Compensation Act unconstitutional because of the manner in which it is administered. Affidavits were filed in the circuit court on behalf of defendants stating that the record as filed therein was true and correct and constituted a complete record of the administrative proceedings in connection with the claim of George Bingham. The court thereafter entered an order affirming the decision of the board of review; and the appellant, appearing *pro se* as he did in the proceedings below, seeks further review by appealing directly to this court. Although much of appellant's brief and argument is unintelligible and obscure, he apparently contends that

he was denied due process of law because the circuit court upon review refused to hear evidence showing the Unemployment Compensation Act to be unconstitutional; and that section 11 of the Administrative Review Act is unconstitutional because it provides that the court shall not hear any new or additional evidence.

At the outset it is necessary to consider appellees' contention that the appeal should be dismissed on the ground that appellant failed to make the claimant, George Bingham, a party to the appeal by serving him with a copy of the notice of appeal. Rule 34 of this court (Ill. Rev. Stat. 1953, chap. 110, par. 259.34,) in so far as it is relevant here, provides as follows: "A copy of the notice by which the appeal is perfected shall be served upon each party, whether appellee or co-party, who would be adversely affected by any reversal or modification of the order, judgment or decree, * * * within ten days after said notice of appeal is filed in the lower court." The rule further provides that "Within 5 days after service has been made, evidence thereof consisting of a return or an acknowledgment or an affidavit of the service of the notice of appeal, proof of the facts authorizing posting, if such method has been employed, shall be filed, and no action shall be taken until such evidence or proof has been filed." It is undisputed that George Bingham was not served with a copy of the notice of appeal, and is not a party to the appeal. Appellees insist that a reversal or modification of the order appealed from would adversely affect him, and that the failure to serve him is fatal to the appeal. It is true that the claimant in unemployment compensation proceedings is a necessary party in any action to review a final decision allowing the claim; that a reversal in the case at bar would deprive Bingham of the unemployment compensation to which he has been held entitled in this cause; and that his interests would be adversely affected by a reversal

or modification of the order. (*Cuny* v. *Annunzio,* 411 Ill. 613.) In the case at bar, however, it appears that the claimant has waived the right to be served with a copy of the notice of appeal. We have granted a motion for leave to file such written waiver in this court, and to make the same a part of the record herein. Under such circumstances appellant's failure to comply with the rule does not require that the appeal be dismissed.

Appellant's attack on the validity of the Unemployment Compensation Act consists largely in assertions that it is "special legislation for the benefit of a special group;" that its administration is dominated and controlled by certain labor organizations; that recipients of unemployment compensation, paid from funds supplied in part by appellant, have been maintaining a blacklist and boycott against him; and that "There is no theory in law or common sense, that will permit the State of Illinois to collect contributions from this plaintiff so that those persons who boycott and blacklist him can be supported by the contributions taken from him, so that this plaintiff finances the boycott and blacklist of himself, by order of the State or any Court." It is evident that no basis is presented for a consideration of the constitutional objection made by appellant. He has pointed to nothing in the record to support his charges. Appellant has failed to specify any particular provisions of the act, or to point out the manner in which it is contended they violate constitutional limitations. Where the constitutional validity of a statute is assailed the objection must be specific and complete. It is not enough merely to assert in a vague and general fashion that constitutional safeguards are violated. The particular respect in which the statute violates some constitutional limitation must be pointed out and preserved for review in order to obtain a determination of such questions by this court. *Orton Crane & Shovel Co.* v. *Federal Reserve Bank,* 409 Ill. 285; *Lutkus* v. *Department of Finance,* 385 Ill. 221.

Appellant contends further that section 11 of the Administrative Review Act (Ill. Rev. Stat. 1953, chap. 110, par. 274,) is unconstitutional and void insofar as it provides that "No new or additional evidence in support of or in opposition to any finding, order, determination or decision of the administrative agency shall be heard by the court." It is insisted due process of law requires that an opportunity be afforded, in the administrative review proceeding, to introduce additional evidence for the purpose of attacking the constitutionality of the Unemployment Compensation Act. Similar contentions, made by appellant in *Pipe Trades, Inc.* v. *Rauch,* 2 Ill. 2d 278, were fully disposed of in that case and need not be considered at length in the case at bar. In the *Pipe Trades case* it was held that a construction company and another corporation formed for the purpose of furnishing plumbing services, both of which were controlled by the present appellant, were owned and controlled by the same interests within the meaning of the Unemployment Compensation Act so as to permit the combination of their employment experience in determining liability for payment of contributions under the act. The appellant, Biggs, argued in that case that he was denied due process of law because the circuit court upon administrative review refused to hear new evidence. After discussing the requirements of due process we observed: "The charge of denial of due process by the circuit court is based upon a complaint that the record was inadequate, upon the court's refusal to consider exhibits attached to a petition wherein Biggs sought to intervene, and upon its refusal to conduct a new hearing. In regard to the latter contention, we have reiterated as recently as *Strohl* v. *Macon County Zoning Board of Appeals,* 411 Ill. 559, and *Rock Island Metal Foundry* v. *City of Rock Island,* 414 Ill. 436, that a court may not, upon administrative review, hear further evidence or conduct a hearing *de novo.* There is nothing in the present case to cause any departure from

these established principles of administrative law and the court's action in adhering to them cannot be said to be a denial of due process." In further answer to attacks on the validity of the Unemployment Compensation Act and the Administrative Review Act we declared that "both statutes, and their counterparts in numerous other jurisdictions, have withstood many and studied constitutional attacks. Nothing in the suggestion appellant now makes justifies any further consideration of their validity in this proceeding." Upon careful examination of appellant's arguments in the case at bar, we conclude they likewise present no grounds for the claim that section 11 of the Administrative Review Act is invalid.

Appellant also complains that a counteraffidavit, filed in the circuit court by the secretary of the board of review, to the effect that the record filed therein contained a true and correct copy of all proceedings under review, contained untrue statements and argumentative matter, and influenced the court to commit error. The alleged improper matter is not pointed out, however, nor is it shown in what respect the court committed error. We have examined the counteraffidavit, and while it contains argumentative statements to the effect that material requested by appellant related to other proceedings and was not relevant in the present one, we find nothing therein that supports the charges made by appellant. The contention cannot be sustained.

We have considered other points and arguments made by appellant and find them to be without sufficient merit to warrant discussion. The order of the circuit court of Cook County is affirmed.

*Order affirmed.*