Rose Szcyenpniak, Appellee, v. License Appeal Commission of City of Chicago, A. L. Cronin, Chairman, Richard J. Daley, Mayor, Local Liquor Control Commissioner, Successor to Martin H. Kennelly, Appellants.

Gen. No. 46,841.

First District, Second Division.

June 26, 1956.

Released for publication September 11, 1956.

John C. Melaniphy, of Chicago, Corporation Counsel of City of Chicago, for defendants-appellants; L. Louis Karton, Head of Appeals and Review Division, Harry

A. Iseberg, and Claude E. Whitaker, Assistant Corporation Counsel, all of Chicago, of counsel.

No brief filed for appellee.

JUDGE SCHWARTZ delivered the opinion of the court.

The Mayor of the City of Chicago, as Local Liquor Control Commissioner, denied plaintiff's application for a retail liquor license on the ground that the site of the tavern was within 100 feet of a church. Plaintiff appealed to the License Appeal Commission which affirmed the finding. Thereupon plaintiff, pursuant to the Administrative Review Act, appealed to the Circuit Court of Cook County which reversed the order of the License Appeal Commission and directed the Commissioner to issue a license to the plaintiff. The defendants then took this appeal. No brief has been filed by the appellee.

The testimony reveals that the site in question is within 40 feet from the west end of the Alverno Home Nursing Center. The Center is a convent for sisters and is called a nursing home because the sisters are nurses and visit patients. There is a chapel in the center which is open to the public for Mass, benediction, prayers and devotions and which contains everything necessary for all the ordinary functions of the Catholic church. The sister superior testified that Mass is said daily; that the chapel is open to the public for adoration the first Sunday of the month; that it contains the Blessed Sacrament at all times; that the first Mass was said in the chapel July 14, 1948, and that it has been used for religious service continuously since then. To all intents and purposes it is a place for public worship.

Paragraph 127 of the Illinois Liquor Control Act (Ch. 43, Par. 127, Ill. Rev. Stat. 1955) provides in part as follows:

"No license shall be issued for the sale at retail of any alcoholic liquor within 100 feet of any church, school, hospital, home for aged or indigent persons or for veterans, their wives or children or any military or naval station; . . ."

The statute does not define the term "church" as used therein, nor are there any cases in point. There are decisions defining the statute exempting church property from taxations, but this relates to "property used exclusively for religious purposes." Such cases are obviously not in point here, except that it should be noted that the legislature did not use similar words in the Liquor Control Act.

In Smith v. Ballas, 335 Ill. App. 418, the building for which a liquor license was sought was situated 101 feet and 1 inch from a high school building and 87 feet and 8 inches from the nearest point of the real estate on which the building was located. The issue involved was whether the word "school" in Section 127 meant the structure or the real estate. The court referred to Paragraph 94 of the Act [Ill. Rev. Stats. 1955, ch. 43, § 94], requiring liberal construction in the interest of the public welfare. It said, at page 421:

"The primary purpose of statutory construction is to ascertain the legislative intent, by examining not only the language employed, but the evil to be remedied and the end to be attained. (U. S. Industrial Alcohol Co. v. Nudelman, 375 Ill. 342). It would seem that the legislature, by the very act of legislating on the subject and enacting paragraph 127, was not unmindful that a tavern does not furnish a wholesome environment for school children."

■■■

Likewise, a tavern does not furnish a wholesome environment for a convent and chapel.

■ ■ As we have repeatedly pointed out, the scope of review in matters such as this is limited by the Administrative Review Act, the decisions of the courts, and by what ought to be a reluctance on the part of judges to interfere with the proper responsibilities and powers of the administrative department of government. The administrative agencies have concluded that this is a church and the evidence is sufficient to support their conclusion.

Order reversed.

McCORMICK, P. J. and ROBSON, J., concur.