Cecil B. De Loian, d/b/a Jo-Del's Restaurant, Plaintiff-Appellant, v. Illinois Liquor Control Commission, Defendant-Appellee.

Gen. No. 52,694.

First District.

April 7, 1969.

Rehearing denied May 12, 1969.

Appel, Sheridan and Siciano, of Chicago (Edward P. Sheridan, of counsel), for appellant.

William G. Clark, Attorney General of State of Illinois, of Chicago (John J. O'Toole and A. Zola Groves, Assistant Attorneys General, of counsel), for appellee.

TRAPP, P. J.

Upon administrative review, the Circuit Court affirmed the order of the Illinois Liquor Control Commission which revoked plaintiff's retail liquor license. He appeals.

Complaint was made by a church that plaintiff's retail liquor license was issued in violation of c 43, § 127,

Ill Rev Stats 1965. A citation was issued by the Commission and a hearing held. The statutory language at issue is as follows:

"No license shall be issued for the sale at retail of any alcoholic liquor within 100 feet of any church, school, hospital. . . ."

The evidence and the stipulation of the parties makes clear that the boundaries of the respective real estate parcels of the church and of the plaintiff are separated by a distance of 16 feet, being the width of an alley, while the church building and the building of the licensee are measured as 105 feet apart.

The Commission considered that the issue at the hearing was whether the statutory distance of 100 feet was to be measured between the property lines of the respective parcels of land of the church and licensee, or between the buildings of said parties. Upon administrative review and upon appeal, plaintiff also urges that the Commission should be estopped to revoke the license.

Plaintiff cites no Illinois cases upon the contention that the statutory distance is to be measured between the respective buildings of the church and the licensee. The statute has been specifically construed to the contrary. In Smith v. Ballas, 335 Ill App 418, 82 NE2d 181 (1948), the court determined that the statutory distance was to be measured between the property lines of a school and of the licensed premises. In People ex rel. Cairo Turf Club v. Taylor, 2 Ill2d 160, 116 NE 880 (1954), the Supreme Court characterized Ballas as holding that for purposes of the statute at issue, a "school" included the real estate. In Szcyenpniak v. License Appeal Commission, 11 Ill App2d 193, 136 NE2d 562 (1956), the circuit court reversed the order of the licensing authorities which had denied a license. The

Appellate Court, however, reversed the circuit court and affirmed the finding of the License Appeal Commission that certain premises included a church, and applied the rule of Ballas to church property. In 1944 and 1965, the Illinois Attorney General adopted opinions reaching the same conclusion concerning the measurement of distances between churches and licensed premises as that stated in Ballas.

It appears that the Legislature has, in fact, as to other provisions in c 43, § 127, specifically provided for the measurement of distance of the licensed premises from the building of the protected institution. Such provision was included in the section at issue at the time of the opinions cited.

 Plaintiff seeks to distinguish this case from Ballas and Szcyenpniak in that the respective opinions characterized the licensees as taverns, whereas plaintiff operates a restaurant and liquor serving lounge. Suffice to say that the statute speaks in terms of issuing a license for the retail sale of liquor and does not consider the quality of the business.

 Plaintiff seeks to invoke equitable estoppel to reverse the order of the Commission. Such doctrine requires a finding that plaintiff, acting in good faith, was induced to change his position by affirmative administrative acts so that it would be unjust to enforce the order of revocation. Estoppel may be applied to municipalities, and the expenditure of substantial sums of money are considered a sufficient change of position. Gregory v. City of Wheaton, 23 Ill2d 402, 178 NE2d 358 and Cities Service Oil Co. v. City of Des Plaines, 21 Ill2d 157, 171 NE2d 605.

Plaintiff purchased the premises as vacant property in the fall of 1965. He procured a local license on December 4, 1965, and a State license was issued on December 7, 1965. Construction was commenced in June, 1966. The restaurant portion of the building was not

74

completed as of the date of the Commission hearing on November 15, 1966, although the liquor serving portion of the premises was in business. Counsel assert that $500,000 was expended upon the premises, but such is not otherwise shown in the record.

There is testimony in the record that in September, 1965, the pastor of the complaining church orally advised plaintiff that there was objection to the issuance of a liquor license. On November 9, 1965, plaintiff employed an attorney to write to the Commission. The letter stated that a local license would be issued by the Mayor of Dolton and made inquiry whether the State license would then be issued. Such letter stated that the church building and the proposed restaurant lounge were more than 100 feet apart and, despite the fact that the simple research would discover the authorities heretofore cited, asserted that there would be no violation of the statute at issue. No reply is in the record.

The record contains a letter dated December 2, 1965, written by counsel for the complaining church to the Mayor of Dolton, who served ex-officio as "local liquor control commissioner." This letter set forth the authorities heretofore noted and claimed a violation of the statute.

Incident to procuring a State license, plaintiff submitted verified answers to questions contained in a form of application. Included among the questions was the following:

> "Is this business located within 100 feet measured from nearest property lines of any church, school, hospital? . . ."

Plaintiff's answer to such question was "No."

It is the position of the Commission that it is required to issue a State license when a local license has been issued, and that it is not authorized to pass upon qualifications of an applicant. Retail Liquor Dealers Ass'n v.

Fleck, 408 Ill 219, 96 NE2d 556. Ill Rev Stats 1965, c 43, § 109, provides in part:

"When such person has obtained a local license and has made application to the State Commission in conformity with this Act and paid the license fee provided, *it shall be the duty of the State Commission to issue a retailer's license* to him; . . . and, provided further, that the issuance of such license shall not prejudice the State Commission's action in subsequently suspending or revoking such license if it is determined by the State Commission, upon notice and after hearing, that the licensee has, within the same or the preceding license period, violated any provision of this Act. . . ." (Emphasis supplied.)

■ The Supreme Court has stated that the statute amended to include the quoted language places original jurisdiction in the Commission to revoke retail licenses. Pliakos v. Liquor Control Com., 11 Ill2d 456, 143 NE2d 47.

No authority has been cited which suggests that the Commission is to be estopped from exercising its jurisdiction by reason of the act of the local liquor commissioner.

■ The record does not support a conclusion that equitable considerations require reversal of the order of the Commission. Plaintiff's attorney, by letter to the Commission, asserted that there would be no violation of the statute, and plaintiff's application made a point blank assertion that as measured between property lines, the licensed premise was not within 100 feet of a church or school. His attempted explanation that he believed "property lines" meant buildings, is such a perverse reading of plain words as to require no discussion.

The record does not support an argument that plaintiff, acting in good faith, was induced to believe that

76

there was no violation of the law. As stated in Cities Service Oil Co. v. City of Des Plaines, 21 Ill2d 157, 171 NE 2d 605, if one is aware of a statute, or if he makes no attempt to ascertain it, the issuance of a license does not create an estoppel. Nothing in the record before us suggests that plaintiff made a good faith attempt to ascertain a correct interpretation of the statute.

The judgment of the circuit court is affirmed.

Affirmed.

CRAVEN and SMITH, JJ., concur.