THADDEUS M. KAMINSKI *et al.*, Plaintiffs-Appellants, *v.* ILLINOIS LIQUOR CONTROL COMMISSION, Defendant-Appellee.

(No. 58812;

First District (3rd Division)—June 6, 1974.

Rudnick, Wolfe, Snyderman & Foreman, of Chicago, (Lester D. Foreman and Stanley N. Gore, of counsel), for appellants.

William J. Scott, Attorney General, of Chicago, (Michael B. Weinstein and John D. Whitenack, Assistant Attorneys General, of counsel), for appellee.

Mr. JUSTICE McGLOON delivered the opinion of the court:

This is an appeal from an order of the circuit court of Cook County affirming the order of the Illinois Liquor Control Commission revoking plaintiffs' liquor license. Plaintiffs present two issues for review. First they argue that the Commission erred in construing section 127 of the Illinois Liquor Control Act (Ill. Rev. Stat. 1971, ch. 43, sec. 127) as prohibiting the licensing of an establishment which sells liquor within 100 feet of a school, as measured from lot line to lot line. Plaintiffs contend that the proper measurement is from building to building, in which case their supermarket was more than 100 feet from the Oak Forest High School. Second they contend that the action of the trial court in dismissing their complaint for administrative review without hearing denied them due process of law.

We affirm.

Plaintiffs filed their complaint for administrative review in the circuit court of Cook County on February 2, 1971. The complaint included a recitation of the following findings which the Illinois Liquor Control Commission made in its order of revocation:

"(1) That on April 24, 1970, Bernard J. Kelly, Local Liquor Control Commissioner of the Village of Oak Forest, Illinois, issued a local liquor license to Thaddeus M. Kaminski, John N. Lapka, Anton S. Plebanek, for the premises at 15130 South Central Avenue, Oak Forest, Illinois.

(2) That on April 27, 1970, the Illinois Liquor Control Commission issued its License No. R-19718 to Thaddeus M. Kam-

inski, John N. Lapka, Anton S. Plebanek, d/b/a Oak Food and Family Center, for the premises at 15130 South Central Avenue, Oak Forest, Illinois, said license to expire April 30, 1971.

(3) That question number 15 on the application for license states * * * is this business located within one hundred feet of any school * * *. In answer to said question licensee answered "no."

(4) That Section 127 of the Liquor Act provides that no license shall be issued for the sale at retail of any alcoholic liquor within 100 feet of any * * * school.

(5) That at the time of the issuance of the local and state liquor licenses the Oak Forest High School, located at the southeast corner of 151st Street and Central in Oak Forest, was under construction, said school being completed in August of 1970 and currently in operation for school purposes. That the property was acquired for school purposes in or around 1962. That the Village of Oak Forest approved the plans for the development of the school site in or around 1968.

(6) That in September 1968 Thaddeus M. Kaminski, licensee herein, at an official meeting of the Village of Oak Forest Zoning Board of Appeals seeking a building set back variation for the subject property, stated that no liquor would be sold at the subject premises for the reason that there is a school going in across the street.

(7) That licensee, prior to the application for a liquor license, was conducting on the premises a combination food and variety store. That this use still prevails.

(8) That the licensed premises is located approximately 83 feet from the Oak Forest High School premises, but in any event less than 100 feet, as measured from property line to property line.

(9) That Bernard J. Kelly, Local Liquor Control Commissioner for the Village of Oak Forest, testified that Village records and his investigations showed the licensed premises to be located less than 100 feet from the school property but that he issued the license on the basis that the school buildings were more than 100 feet from the licensed premises. He stated that if the proper measurement were to be taken between property lines he would not have issued the license.

(10) That the Illinois Appellate Court in DeLoian v. Illinois Liquor Control Commission, 109 Ill.App.2d 71 (1969) stated

that the 100 foot distance prescribed by Section 127 of the Liquor Control Act was to be measured between property lines."

Plaintiffs prayed that the order of revocation be reversed.

On February 4, 1971, the circuit court stayed the order of revocation until final disposition of the case. Thereafter defendant filed an answer in conformity with the Administrative Review Act. (Ill. Rev. Stat. 1971, ch. 110, sec. 272(b).) The circuit court continued the case from time to time. On July 28, 1972, with leave of court, plaintiffs filed an amended complaint which alleged that section 127 of the Illinois Liquor Control Act was unconstitutional as applied to them. More continuances followed until a hearing on January 30, 1973, took place at which the circuit court denied plaintiffs' motion for leave to file a second amended complaint and further denied plaintiffs' complaint for administrative review. The circuit court held another hearing on March 1, 1973, in response to plaintiffs' petition for a rehearing and denied the petition. The circuit court denied plaintiffs' application for another stay pending appeal to this court.

In this court plaintiffs request a review of certain questions of law. Section 127 of the Liquor Control Act provides in pertinent part:

"127. Retail sales near churches, schools, etc.] § 8. No license shall be issued for the sale at retail of any alcoholic liquor within 100 feet of any church, school, hospital, home for aged or indigent persons or for veterans, their wives or children or any military or naval station; * * *." (Ill. Rev. Stat. 1971, ch. 43, sec. 127.)

Plaintiffs argue that the plain meaning of the statute requires that the 100 feet be measured from the supermarket building to the school building and not from the lot line of the supermarket premises to the lot line of the school premises. Plaintiffs' argument flies in the face of two Illinois cases which have considered the question, *Smith v. Ballas*, 335 Ill.App. 418, 82 N.E.2d 181 (1948) and *DeLoian v. Illinois Liquor Control Commission*, 109 Ill.App.2d 71, 248 N.E.2d 689 (1969).

In *Ballas* the court affirmed the local liquor control commission's denial of a liquor license to a tavern owner whose building was more than 100 feet from a public high school building but less than 100 feet from the premises upon which the high school was located. The court stressed section 94 of the Liquor Control Act, which provides in pertinent part: "This Act shall be liberally construed, to the end that the health, safety and welfare of the People of the State of Illinois shall be protected * * *." Ill. Rev. Stat. 1971, ch. 43, sec. 94.

Plaintiffs would distinguish *Ballas* from the instant case in that *Ballas*

concerned the proximity of a high school to the unwholesome atmosphere of a tavern, whereas the instant case concerns a modern supermarket selling only packaged goods. Judged by the statute and its purpose we find such a distinction to be unsupportable. (*DeLoian v. Illinois Liquor Control Commission, supra.*) Plaintiffs have rested their claim on the distance provision of section 127 and have not claimed to be exempt from its prohibition.

Plaintiffs further argue that since the issue of the propriety of the denial of the liquor license was moot in *Ballas*, the court's interpretation of the statute was *dicta* and entitled to little weight. We do not agree. Although the issue was moot in *Ballas*, the court felt compelled to consider it because of its importance to municipalities in the regulation of retail liquor sales. Our supreme court approved this treatment in *People ex rel. Cairo Turf Club, Inc. v. Taylor*, 2 Ill.2d 160, 116 N.E.2d 880, wherein it distinguished *Ballas* and noted: "The instant case does not present the same urgent need by the people of Illinois for authoritative determination as the situation involved in the *Labrenz* and *Ballas* cases." 2 Ill.2d 160 at 164, 116 N.E.2d 880 at 882.

In *DeLoian*, the court, citing *Ballas*, affirmed the order of the Illinois Liquor Control Commission revoking a liquor license where the real estate upon which the licensed establishment was located was less than 100 feet from the real estate upon which a church was located, although the actual buildings were more than 100 feet apart.

■■ Plaintiffs attempt to distinguish *DeLoian*, the most recent judicial pronouncement concerning section 127, on the basis that the licensee in *DeLoian* should have known under the circumstances that the 100 feet was to be measured between the respective property lines whereas plaintiffs in the instant case were not aware of the proper standard of measurement. In *DeLoian* the court rejected the licensee's attempt to invoke the equitable principle of estoppel to defeat the order of revocation. The instant plaintiffs maintain that they have not relied on an equitable estoppel theory, yet they argue, rather obliquely, that the liquor license application and the issuance of the local liquor license conveyed the impression that the measurement was to be made from building to building. This difference in the factual settings of the cases does not undermine the interpretation of section 127 in *DeLoian*.

Plaintiffs' second contention is that the circuit court denied them due process of law in denying them a hearing on certain issues which they had raised in their amended complaint, and erred in dismissing said complaint. In their amended complaint plaintiffs alleged the unconstitutionality of section 127 of the Liquor Control Act as interpreted and applied to them. Specifically they alleged that the section deprived them

of the use of their property without due process of law and denied them equal protection.

■■ Plaintiffs complain that they did not have a hearing in the circuit court at which they could present further evidence. Section 274 of the Administrative Review Act (Ill. Rev. Stat. 1971, ch. 110, sec. 274) provides that "[n]o new or additional evidence in support of or in opposition to any finding order, determination or decision of the administrative agency shall be heard by the court." This provision has withstood the challenge that it denied plaintiffs due process of law. *Biggs v. Cummins*, 5 Ill.2d 512, 126 N.E.2d 208; *Pipe Trades, Inc. v. Rauch*, 2 Ill.2d 278, 118 N.E.2d 319.

■■■ Apparently plaintiffs have no complaint about the nature and extent of the hearing before the Commission. In the circuit court plaintiffs had two hearings. The court made it clear that it had considered the question of the interpretation of section 127. The judge indicated that he had reviewed the Commission record and had considered the relevant authorities on the question of law involved. However, it is also apparent from the record of those hearings that the circuit court did not consider the constitutional question pertaining to section 127. Assuming that the plaintiffs properly raised the constitutional issue for the first time in their amended complaint (*St. James Temple v. Board of Appeals*, 100 Ill.App.2d 302, 241 N.E.2d 525, *cert. denied*, 395 U.S. 946; *cf. Howard v. Lawton*, 22 Ill.2d 331, 175 N.E.2d 556; *River Forest State Bank & Trust Co. v. Zoning Board of Appeals*, 34 Ill.App.2d 412, 181 N.E.2d 1) plaintiffs have failed to pursue the issue in this appeal. We have examined the briefs and find no cases cited nor argument pertaining to the constitutional issue involved. We will not consider a point that has not been argued unless our responsibility for a just result and for the maintenance of a sound and uniform body of precedent dictates otherwise. (Ill. Rev. Stat. 1971, ch. 110A, sec. 341(e)(7); *Hux v. Raben*, 38 Ill.2d 223, 230 N.E.2d 831.) This rule of practice is applicable to appeals in this court under the Administrative Review Act. (*Bell Realty v. Chicago Commission on Human Relations*, 130 Ill.App.2d 1072, 266 N.E.2d 769.) Under the circumstances of the instant case, we will not consider the constitutional issue.

■■ Plaintiffs further contend that the circuit court erred in dismissing their complaint. They argue that the filing of the complaint and amended complaint for administrative review required defendant to file a responsive pleading in order to put the case at issue. This is an incorrect statement of the law. The Administrative Review Act does not require defendant to frame the issues by filing an answer. (Ill. Rev. Stat. 1971, ch. 110, sec. 272.) Plaintiffs' reliance on section 40 of the Civil Practice Act

is misplaced. (*Jewell v. Carpentier*, 22 Ill.2d 445, 176 N.E.2d 767.) The review in the instant case is on the record of the Liquor Control Commission and we find no error in the Commission's interpretation of section 127. For these reasons the order of the circuit court of Cook County dismissing plaintiffs' complaint for administrative review is affirmed.

Order affirmed.

McNAMARA, P. J., and MEJDA, J., concur.