MICHAEL A. BILANDIC, Mayor and Local Liquor Control Commissioner of the City of Chicago, Plaintiff-Appellant, *v.* THEODORE JOHNSON *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 77-1363

Opinion filed July 12, 1978.

William R. Quinlan, Corporation Counsel, of Chicago (Daniel Pascale and Henry Phillip Gruss, Assistant Corporation Counsel, of counsel), for appellant.

No appearance for appellees.

MISS JUSTICE McGILLICUDDY delivered the opinion of the court:

The plaintiff, the Local Liquor Control Commissioner of the City of Chicago, appeals from a judgment of the Circuit Court of Cook County entered in an administrative review proceeding (Ill. Rev. Stat., 1975, ch. 110, par. 264 *et seq.*) affirming a decision of the License Appeal Commission (commission). The commission's decision set aside the plaintiff's refusal to issue a retail liquor license to Theodore Johnson (applicant). The plaintiff maintains that the commission's determination and the trial court's affirmance thereof is contrary to law, and the plaintiff did not abuse his discretion in denying issuance of the license to the applicant. Neither the commission nor the applicant, who were party-defendants in the administrative review action, have filed briefs in this cause. However, the record is simple and the issues are not complex; we therefore will consider the merits of the plaintiff's appeal. *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.

The record shows that in April 1975 the applicant purchased the premises located at 7100 South Racine Avenue in Chicago. At the time of purchase, the premises contained a tavern which had been operating for 20 years. The applicant applied for the issuance of a license, but it was denied by the Local Liquor Control Commissioner.

At the hearing before the License Appeal Commission the applicant testified that he had measured the following distances from the entrance of the tavern:

    to the entrance of a nearby church—114 feet,
    to the corner of a school located in the same block—112 feet,
    to the main entrance of the school—270 feet.

Chicago Police Officer William Lyman testified that he ascertained the property lines of the applicant's premises, the church and school. His measurements of the distances between the property lines showed the applicant's premises were 62 feet from the church and 90 feet from the school.

At the time of the administrative decision, section 8 of article VI of the Illinois Liquor Control Act provided in pertinent part:

    "No license shall be issued for the sale at retail of any alcoholic liquor within 100 feet of any church, school, hospital, home for aged or indigent persons or for veterans, their wives or children or any military or naval station; provided, that this prohibition shall

not apply to hotels offering restaurant service, regularly organized clubs, or to restaurants, food shops or other places where sale of alcoholic liquors is not the principal business carried on, if such place of business so exempted shall have been established for such purposes prior to the taking effect of this Act; nor to the renewal of a license for the sale at retail of alcoholic liquor on premises within 100 feet of any church or school where such church or school has been established within such 100 feet since the issuance of the original license." (Ill. Rev. Stat. 1975, ch. 43, par. 127.)

It is clear that the applicant did not place himself within the purview of any exception set forth in section 8. The question then is whether the tavern was within 100 feet of a school or church.

■■ In *Kaminski v. Illinois Liquor Control Com.* (1974), 20 Ill. App. 3d 416, 314 N.E.2d 290, it was held that the distance of 100 feet required by section 8 is to be measured from the property lines of the licensed premises to those of the church or school. The uncontradicted testimony of Officer Lyman establishes the tavern was within 100 feet of the church and school. Therefore, denial of the applicant's request for a retail liquor license was proper unless the applicant was otherwise entitled to the license.

■■ Such license is not a vested property right but a purely personal privilege to do what would otherwise be unlawful. (Ill. Rev. Stat. 1975, ch. 43, par. 119; *Weinstein v. Daley* (1967), 85 Ill. App. 2d 470, 229 N.E.2d 357; see also *Malito v. Marcin* (1973), 14 Ill. App. 3d 658, 303 N.E.2d 262.) At the time the applicant purchased the premises, a validly operated tavern existed on the property apparently because it was exempt by section 8 as a previously existing facility. We conclude that this exemption does not inure to the benefit of the petitioner when he applies for the issuance of a liquor license.

The judgment of the Circuit Court affirming the commission's decision was contrary to the manifest weight of the evidence. Accordingly, the judgment is reversed.

Judgment reversed.

McNAMARA and SIMON, JJ., concur.