EASTER ENTERPRISES, INC., d/b/a Giant Discount Foods, Plaintiff-Appellant, *v.* ILLINOIS LIQUOR CONTROL COMMISSION, Defendant-Appellee.

Third District   No. 82—579

Opinion filed May 24, 1983.

John T. Pepmeyer, of Bell & Pepmeyer, of Galesburg, for appellant.

Tyrone C. Fahner, Attorney General, of Springfield (Robert E. Wagner, Assistant Attorney General, of counsel), for appellee.

PRESIDING JUSTICE STOUDER delivered the opinion of the court:

This action is an appeal of the decision by the circuit court of Knox County upon administrative review affirming a decision of the Illinois Liquor Control Commission (the Commission) which revoked the State of Illinois liquor license of the plaintiff, Easter Enterprises, Inc.

The plaintiff, an Iowa corporation, is engaged in the retail sale of food and liquor in Galesburg, Illinois. On April 8, 1981, the plaintiff was issued a citation by the Illinois Liquor Control Commission for violations of the Liquor Control Act (Ill. Rev. Stat. 1981, ch. 43, pars. 127, 120(10a)), in that the plaintiff was selling alcoholic liquor within 100 feet of a school and as a foreign corporation had not qualified to do business within the State of Illinois pursuant to the Business Corporation Act (Ill. Rev. Stat. 1981, ch. 32, par. 157.1 *et seq.*). The latter ground was cured prior to the administrative hearing held on July 22, 1981.

At the hearing before the Commission, evidence was presented on the issue of whether the plaintiff's property was located within 100 feet of the Silas Willard School in Galesburg, Illinois, and on other substantive and procedural matters. The parties stipulated to the admission of the following facts: (1) that the Silas Willard School, constructed in 1912, was located at 495 East Fremont Street, Galesburg, Illinois; (2), that the plaintiff's premises were located at Fremont and Seminary streets, Galesburg, Illinois; and (3), that the plaintiff commenced business operations at this location on March 2, 1976.

The Commission found that the property line of the plaintiff's busi-

ness premises abutted and was located within 100 feet of the property line of the Silas Willard School premises and that the plaintiff was therefore ineligible to hold a State retail liquor license pursuant to section 8 of article VI of the Liquor Control Act (Ill. Rev. Stat. 1981, ch. 43, par. 127). The Commission further found that the plaintiff did not qualify for a license under the exemptions contained in that section. The Commission denied the plaintiff's motion to dismiss and ordered its State retail liquor license revoked.

The plaintiff then sought administrative review of this decision in the circuit court of Knox County. Briefs were filed and oral arguments were heard in that court. In its order of April 14, 1982, the circuit court affirmed the Commission's revocation decision. The plaintiff has now appealed from this order.

The primary issues in the case at hand to which we shall first address ourselves are: (1), whether the Commission erred in holding that the plaintiff did not fall within the exemption provided in section 8 of article VI of the Liquor Control Act relating to food shops or other establishments where the sale of alcoholic liquors is not the principal business carried on, if such place of business so exempted shall have been established for such purposes prior to the taking effect of the Act; (2), whether the Commission erred in failing to recognize that the ordinance of Galesburg, Illinois, a home-rule municipality, dealing with the proximity of retail liquor licensees to churches, schools and various other institutions conflicted with and pre-empted section 8 of article VI of the Liquor Control Act; and (3), whether section 8 of article VI of the Liquor Control Act is violative of due process in that it is vague, arbitrary and unclear.

■ Upon administrative review, the trial court and the appellate court are limited to determining whether the findings and orders of the administrative body are contrary to the manifest weight of the evidence and whether the administrative body acted arbitrarily in clear abuse of its discretion. (*Starnawski v. License Appeal Com.* (1981), 101 Ill. App. 3d 1050, 428 N.E.2d 1102.) With reference to the primary issues on appeal, we find that the Commission's determination of the facts and its resolution of the legal issues involved were based on the evidence presented to it and were not arbitrary or an abuse of discretion.

■ Section 8 of article VI of the Liquor Control Act prohibits the issuance of a license for the retail sale of alcoholic liquor within 100 feet of any church, school other than an institution of higher learning, hospital, home for aged or indigent persons or for veterans, their spouses or children or any military or naval station, except, that this

prohibition does not apply to hotels offering restaurant service, regularly organized clubs or to restaurants, food shops or other places where the sale of alcoholic liquor is not the principal business carried on, if such place of business so exempted had been established for such purposes prior to the taking effect of the Act.

The plaintiff argues it falls within the above exemption relating to food shops or other places of business where the sale of alcoholic liquor is not the principal business carried on, if such business had been established prior to the taking effect of the Act. The plaintiff claims that because section 8, although originally enacted in 1934, had been most recently amended at the time of the administrative hearing by Public Act 81—848, the plaintiff's food shop is exempt from that section's prohibitions having been established on March 3, 1976, prior to the effective date of the amendment, September 20, 1979.

The exemption language of section 8 of article VI has remained basically unchanged since its enactment in 1934. The provisions of any statute which are the same as those of a prior statute shall be construed not as a new enactment but as a continuation of the prior provision. (Ill. Rev. Stat. 1981, ch. 1, par. 1101; *Apex Motor Fuel Co. v. Barrett* (1960), 20 Ill. 2d 395, 169 N.E.2d 769.) Language in section 8 of article VI establishing exemptions prior to the taking effect of the Act refer to the original enactment in 1934. Therefore, the plaintiff's business, having commenced in 1976, does not fall within the claimed exemption.

■ On January 21, 1980, the Galesburg city council passed an ordinance identical to section 8 of article VI of the Liquor Control Act except that it exempted those businesses which did not primarily deal in the sale of alcoholic liquor, established prior to January 21, 1980, the effective date of the ordinance. The plaintiff argues that because Galesburg is a home-rule municipality, the conflicting portion of the ordinance pre-empts the application of the State statute. Therefore, because the plaintiff is entitled to a local liquor license, having commenced business prior to January 21, 1980, it is entitled to a State liquor license as well.

Liquor control is subject to concurrent jurisdiction between the State and local units of government. (*Aurora Pizza Hut, Inc. v. Hayter* (1979), 79 Ill. App. 3d 1102, 398 N.E.2d 1150.) Home-rule municipalities may legislate freely in the area of liquor control except as restricted by the State pursuant to the home-rule provisions of the 1970 Illinois Constitution, article VII, section 6. (*Illinois Liquor Control Com. v. City of Joliet* (1975), 26 Ill. App. 3d 27, 324 N.E.2d 453.) The courts have approved local liquor ordinances in home-rule municipalities as

within their home-rule powers which were either more restrictive than State statutes dealing with the same subject matter or which placed additional requirements on licensees not found in the Liquor Control Act. *Illinois Liquor Control Com. v. City of Joliet* (1975), 26 Ill. App. 3d 27, 324 N.E.2d 453; *Liquor Control Com. v. Calumet City* (1975), 28 Ill. App. 3d 279, 328 N.E.2d 153; *Aurora Pizza Hut, Inc. v. Hayter* (1979), 79 Ill. App. 3d 1102, 398 N.E.2d 1150.

Thus, the Galesburg city council was within its authority as the governing body of a home-rule municipality in enacting an ordinance dealing with the same subject matter as section 8 of article VI of the Liquor Control Act. In fact, the ordinance is identical to the State statute except for the effective date of the exemption at issue. However, the enactment of the ordinance did not create a conflict with the State statute in this respect. Prior to and subsequent to the passage of the city ordinance, section 8 of article VI was in effect governing the aspects of whether or not a State liquor license would issue relative to the stated exemptions. Because the exemption at issue applies only to those businesses established prior to 1934, the plaintiff has failed to qualify, having commenced its business in 1976.

■ If the ordinance were to be given effect as the plaintiff suggests, pre-empting section 8 of article VI, the plaintiff would be afforded greater rights than prior to the ordinance's passage. As previously noted, the courts have upheld liquor ordinances of home-rule municipalities which established greater restrictions in the area of liquor control, not greater liberality. Allowing the Galesburg ordinance to nullify section 8 of article VI would directly conflict with a State restriction and would not fall within the municipality's home-rule powers. Therefore, section 8 of article VI of the Liquor Control Act is applicable to the plaintiff and would prevent the issuance of a State liquor license to it.

■ The plaintiff next contends that even if it does not fall within the stated exemptions of section 8 of article VI, the statute is void, as violative of due process in that it is vague, arbitrary and unclear with regard to the 100 feet proximity test.

Due process of law requires that a statute not be so vague, indefinite or uncertain so as to fail to provide sufficient standards to guide an administrative body in the exercise of its functions. (*Polyvend, Inc. v. Puckorius* (1979), 77 Ill. 2d 287, 395 N.E.2d 1376.) However, there is room for judicial interpretation of a statute in order to avoid a vagueness problem. *Grayned v. City of Rockford* (1972), 408 U.S. 104, 33 L. Ed. 2d 222, 92 S. Ct. 2294; *Dombrowski v. Pfister* (1965), 380 U.S. 479, 14 L. Ed. 2d 22, 85 S. Ct. 1116.

The courts have repeatedly interpreted the phrase "within 100 feet

of any church, school" of section 8 of article VI to mean within 100 feet of property lines not buildings. (*Bilandic v. Johnson* (1978), 62 Ill. App. 3d 455, 379 N.E.2d 107; *Kaminski v. Illinois Liquor Control Com.* (1974), 20 Ill. App. 3d 416, 314 N.E.2d 290; *Smith v. Ballas* (1948), 335 Ill. App. 418, 82 N.E.2d 181.) Furthermore, the State statute itself supports this construction by specifically stating that with reference to churches only, the distance of 100 feet is to be measured to the nearest part of the building used for worship or educational purposes, not to property boundaries. This exception strongly implies that for all other named institutions measurement is to be made to property boundaries. Therefore, section 8 of article VI is not violative of due process in that its meaning is sufficiently clear as construed by the courts and as indicated by the statute itself.

The plaintiff also argues that the Commission erred in failing to rule and make specific findings on the plaintiff's motion to dismiss based on *res judicata*, in failing to allow the admission of evidence relating to the doctrine of equitable estoppel, and in imposing the excessive and unconscionable sanction of license revocation against the plaintiff.

With reference to the plaintiff's motion to dismiss, the Commission did rule on the motion in its order of revocation, denying it and making the specific finding that the plaintiff failed to file a brief in support of its position as ordered by the Commission. The plaintiff's claim, therefore, is without foundation.

As for the plaintiff's claim of equitable estoppel, the record does not suggest that the Commission refused to hear evidence on equitable estoppel or that the plaintiff attempted to present such evidence. Consequently, no error was committed by the Commission in this respect.

■ The final issue on appeal is whether the sanction of license revocation was excessive and unconscionable. We believe that the sanction of revocation was proper and the sole sanction available to the Commission in this type of proceeding. Because the plaintiff was in violation of a statute which stated that a license would not issue under certain circumstances, the Commission had no choice but to revoke the plaintiff's license. This result was mandated by the statute. Thus, the Commission's sanction of revocation was not in error.

Accordingly, for the foregoing reasons, the judgment of the circuit court of Knox County is affirmed.

Affirmed.

ALLOY and BARRY, JJ., concur.