## The People of the State of Illinois ex rel. Carter Euziere, Appellee, v. William Rice, Appellant.

### Gen. No. 9,185.

Opinion filed May 18, 1937.

Eva L. Minor, of Kankakee, for appellant.

A. L. & C. M. Granger, of Kankakee, for appellee.

Mr. Justice Dove delivered the opinion of the court.
On March 29, 1930, the relator herein recovered a judgment in the circuit court of Kankakee county against the commissioner of highways of the town of Rockville for $1,290.18 and costs of suit. This judgment was affirmed by this court, *Euziere v. Highway*

*Com'r,* 260 Ill. App. 29, and by the Supreme Court of this State, *Euziere v. Highway Com'r,* 346 Ill. 131. Thereafter, on September 7, 1932, relator filed a petition for a writ of mandamus to compel the commissioner to levy a tax to pay his judgment, resulting in an order awarding a peremptory writ of mandamus. This judgment was also affirmed by this court in *People ex rel. Euziere v. Rice,* 271 Ill. App. 606, and later the judgment of this court was affirmed by the Supreme Court, *People ex rel. Euziere v. Rice,* 356 Ill. 373. The final order of the affirmance of the judgment by the Supreme Court was filed in the office of the circuit clerk of Kankakee county on February 5, 1935, and at that time a writ of mandamus issued, commanding the commissioner of highways of the town of Rockville to levy a tax sufficient in amount to pay the aforesaid judgment. This writ directed the commissioner to include in the taxes levied for road and bridge purposes as made and certified on September 4, 1934, an amount sufficient to pay the judgment, interest and costs. To this writ of mandamus, appellant filed a return on February 13, 1935, showing an attempted compliance with said writ by inserting by way of interlineation in the certificate of levy for road and bridge purposes for the year 1934, the following: "For payment of Euziere judgment, interest and costs, $1,700.00." The return also set up the invalidity of making this amendment or change in the levy for the year 1934 and it appears that this amendment was of no benefit to relator because nothing was realized from so amending said certificate of levy.

Thereafter and on July 26, 1935, relator filed a petition in the circuit court for a rule against the commissioner to show cause why he should not be adjudged in contempt of court for failure to comply with the judgment of that court rendered on September 14, 1932, awarding the writ of mandamus. A hearing was had

on this petition and a writ of mandamus was issued directing the commissioner to make a levy sufficient to pay relator's judgment and the commissioner was directed to amend his certificate of levy for 1935 and levy $300 to apply on appellee's judgment, or be committed to the county jail for 30 days for contempt of court. The court expressly retained jurisdiction of the cause with leave to relator to apply for such further orders directing levies to be made in order that his judgment might be satisfied. The commissioner made the levy as directed and filed the return to the writ of mandamus so showing.

Thereafter and on September 1, 1936, relator filed another petition for a rule against the commissioner to show cause why he should not be required to make further levy for the year of 1935 and to amend his certificate of levy accordingly, or be adjudged in contempt of court. To this petition the commissioner filed a reply alleging by way of excuse four different grounds: First, that the compliance with the writ of mandamus issued February 5, 1935, excused any further levy because the jurisdiction of the court was exhausted at that time; second, that the court was without jurisdiction to order another writ of mandamus on September 1, 1936; third, that the levy made on the first Tuesday in September, 1936, for road and bridge purposes had been extended for the full statutory rate for purposes other than the payment of this judgment; and fourth, that the levy of any amount to apply on relator's judgment would interfere with essential governmental functions. Upon a hearing, an order was entered requiring the commissioner to amend his levy for 1936 by including in his certificate of levy an item of $285 to apply on relator's judgment, and in default of making such amendment, the commissioner was ordered committed to the county jail for 30 days for

contempt of court. From this order, the commissioner has perfected this appeal.

The first contention of appellant is that when he filed a return to the peremptory writ of mandamus issued on February 5, 1935, by which return appellant disclosed an attempt to comply with its mandate, the jurisdiction of the circuit court was exhausted and the court was without jurisdiction to enter the order appealed from in this cause. The writ of mandamus issued by the circuit court on February 5, 1935, required appellant, among other things, to "levy according to law, and certify to the Board of Supervisors of Kankakee County a tax sufficient in amount to pay and for the purpose of paying the judgment of the said Carter Euziere, together with legal interest thereon to date of payment and all costs incident to such judgment" and continued with a direction to appellant to recertify the amount to be levied for road and bridge purposes for the year 1934, and to amend the certificate of levy so as to include an amount therein for the payment of appellee's judgment, interest and costs. There is nothing erroneous in the quoted portion of this writ of mandamus, but wherein it required appellant to amend his certificate of levy it required him to perform an act which the law would not permit and if he attempted to do so, his action was without legal force and effect. A tax must be levied before the time the law requires the tax books to be completed and in the hands of the county collector, which, under the statute in force at that time, was December 1, 1934. *People v. Payne*, 296 Ill. 483; *People v. Chicago M., St. P. & P. Ry Co.*, 354 Ill. 630, 639; and the recent case of *People v. Chicago & E. I. Ry. Co.*, 365 Ill. 202, 6 N. E. (2d) 119. The amendment by way of interlineation of the levy for the year 1934 made by the appellant in February, 1935, was of no legal force or effect and was a mere nullity.

Appellee insists that when he amended his certificate of levy for 1934 in February, 1935, for payment of appellee's judgment, he compiled with the mandate of that writ and hence the jurisdiction of the court in that case was exhausted and the petition filed on September 1, 1936, cannot be maintained for lack of jurisdiction. We are unable to follow this line of reasoning. "The only proper return to a peremptory writ of mandamus is a certificate of compliance with its requisitions without further excuse or delay." *People v. Barnett,* 91 Ill. 422, 434. Appellee's return to the writ of mandamus issued on February 5, 1935, only certified a compliance with that portion of the writ which was unwarranted and which should not have been included in the writ. There was no certificate of compliance, nor has there ever been any compliance, with that portion of the mandate of that writ which was legal and proper. Under the judgment of the circuit court rendered on September 14, 1932, and the writ of mandamus issued on February 5, 1935, it was, in our opinion, proper for appellee to apply to the circuit court which issued the writ for an alias writ. The jurisdiction of the circuit court had not, in our opinion, been exhausted by the writ issued on February 5, 1935 inasmuch as a full compliance therewith had not been made by appellee. *People ex rel. Illinois Midland Ry. Co. v. Supervisor,* 100 Ill. 332.

The petition filed on July 26, 1935, by appellee against the appellant, and the alias writ of mandamus issued pursuant thereto were regular and proper because appellant had not complied with that judgment or with that portion of the writ of mandamus requiring appellant to "levy according to law, and certify to the Board of Supervisors of Kankakee County, a tax sufficient in amount to pay and for the purpose of paying the judgment of the said Carter Euziere, together with legal interest thereon to date of payment and all costs

incident to such judgment.'' The order of court entered on September 6, 1935, after a hearing on that petition, directed appellant to make a levy of $300 to apply on appellee's judgment and ordered ''that the Court retain jurisdiction herein and that relator have the right to apply to the Court if necessary to obtain a further levy or levies to apply on or satisfy his judgment.'' It thus appears that by the order of September 6, 1935, the court retained jurisdiction of this cause and continued the case for the purpose of ordering a further levy or levies.

In 38 Corpus Juris, page 936, it is said: ''Where complete relief cannot be given otherwise, on account of the condition of the proceedings, the court may grant a continuance of the proceedings to permit performance; as, where the command is to levy a tax to pay a judgment, and it is necessary to distribute the tax through successive years, the cause may be continued and such orders made as the case may require.'' 19 American and English Encyclopaedia of Law, 2nd ed., page 900. The court having retained jurisdiction of this case by continuing the same in its order of September 6, 1935, and that order having been in nowise set aside or reversed, the petition of September 1, 1936 was properly made and filed by the appellant and the order entered on that day is still in full force and effect, a compliance with which may be compelled by appropriate proceedings. The jurisdiction of the court having been retained in this cause, the court still had the power and authority to entertain the petition filed on September 1, 1936 and to enter the order appealed from in this case.

Appellant's other contention that a compliance with the judgment of the court will prevent the appellant from carrying on essential governmental functions is equally without merit. What the Supreme Court held in *People v. Rice,* 356 Ill. 373, was that the question of

whether the payment of appellee's judgment would prevent appellant from carrying on essential governmental functions was not presented to that court by any answer or supported by any proof.

The evidence introduced by appellant upon the hearing of the petition on September 1, 1936 in support of his reply showed that appellant had levied for road and bridge purposes the rate of 25 cents and the eight cents additional rate authorized by the statute; that there was a balance of $31.17 in the road and bridge fund; that anticipation warrants in the amount of $1,340 were outstanding against the levy of 1935; that there were about 50 or 60 miles of roads in the town of Rockville and 40 plank bridges and several corrugated culverts to maintain. Appellant further testified that the levy for the road and bridge fund calls for an amount of $2,752.12 for the year of 1936, and that in his opinion all of this amount would be necessary for the purposes for which they were levied. He further testified that in his opinion he would "not be able to levy anything to pay on the Euziere judgment without seriously injuring the town business." This proof was not sufficient to show that the levy and payment of $285 on the Euziere judgment would prevent the carrying on of essential governmental functions by the appellant. There is nothing in the evidence that discloses that any essential governmental functions would be prevented or interfered with because of the levy and payment of this item of $285 excepting the conclusion not based upon any facts appearing in the record, expressed by the appellant that it would seriously injure the town business. He does not in any manner say in what way or means the essential governmental functions would be prevented, interfered with or injured. There appears to be no basis from anything in his testimony to warrant appellant's opinion in this regard except, perhaps, his own unwillingness

to make any levy to pay appellee's judgment. This appeal, it occurs to us, seems to have been prosecuted more with a view of delay than in determining any serious question of law. The obligation of the commissioner of highways of the town of Rockville having been fixed and determined by a judgment affirmed by the Supreme Court, appellant should more properly exercise his talent toward the paying of that judgment rather than the prosecuting of unwarranted appeals in order to delay appellee in the collection of his judgment. The judgment of the circuit court is affirmed.

*Judgment affirmed.*