*In re* COLLECTOR'S APPLICATION FOR JUDGMENT FOR TAXES PAID UNDER PROTEST FOR THE YEAR 1988 (The People *ex rel.* John Weber, County Treasurer and *ex officio* Tax Collector of Will County, Plaintiff-Appellee, v. Crosfield Chemicals, Inc., *et al.*, Defendants-Appellants).

Third District    Nos. 3—91—0411 through 3—91—0417 cons.

Opinion filed January 15, 1992.—Rehearing denied February 25, 1992.

SLATER, J., dissenting.

Douglas F. Spesia, of Spesia & Ayers, of Joliet (Neil T. Goltermann, of counsel), for appellant Crosfield Chemicals, Inc.

Edward Burmila, Jr., State's Attorney, of Joliet (Robert M. Hansen, of State's Attorneys Appellate Prosecutor's Office, of counsel), for appellee.

JUSTICE GORMAN delivered the opinion of the court:

This appeal results from a challenge by several taxpayers to the tax levy of certain taxing bodies. After a hearing on stipulated facts, the circuit court found in favor of the tax collector. We affirm.

The appellants in this action are Crosfield Chemicals, Inc. (No. 3—91—0411), Commonwealth Edison Company (No. 3—91—0412), USX Corporation (No. 3—91—0413), Amoco Oil Company (No. 3—91—0414), Peoples Gas Light and Coke Company (No. 3—91—0415), Illinois Bell Telephone Company (No. 3—91—0416), and Natural Gas Pipeline Company of America (No. 3—91—0417). The tax objections at issue are exactly the same for each of the appellants and relate to various taxing districts.

Objections filed by Crosfield Chemicals, USX, and Natural Gas are against the Will County Forest Preserve District only. Commonwealth Edison's objections are against the Forest Preserve, Homer Township, the Godley Park District, and School District No. 92. Amoco Oil's objections are against the Forest Preserve and School District No. 92. Peoples Gas' objections are against the Forest Preserve and Homer Township. Illinois Bell's objections are against the Forest Preserve, Homer Township, and the City of Lockport.

The appellants objected to the levy of those taxing districts for the payment of principal and interest on bonds issued by the districts. In each instance, the taxing district filed a bond ordinance or resolution during early 1989 upon which the county clerk extended a tax for the year 1988.

It is alleged that this extension was illegal due to an unconstitutional delegation of legislative authority in section 16 of the Local Government Debt Reform Act (Ill. Rev. Stat. 1989, ch. 17, par. 6916). Specifically, the taxpayers claim that the statute improperly delegates to the county clerk legislative discretion in determining whether or not to accept the filing of the levy ordinance. The trial court found that the decision is an exercise of ministerial or administrative discretion and thus found that the statute is constitutional.

The sole issue on appeal is whether section 16 is an unconstitutional delegation of legislative authority to the county clerk. Section 16 provides:

> "A governmental unit may levy a tax for the payment of principal of and interest on general obligation bonds at any

time prior to the issuance of such bonds, subject to the agreement of the county clerk that the county clerk will accept the filing of the ordinance levying such tax notwithstanding that such time is subsequent to the end of the calendar year next preceding the calendar year during which such tax will be collected. In extending taxes for general obligation bonds, the county clerk shall add to the levy for debt service on such bonds an amount sufficient, in view of all losses and delinquencies in tax collection, to produce tax receipts adequate for the prompt payment of such debt service." Ill. Rev. Stat. 1989, ch. 17, par. 6916.

In general, a county clerk has several duties regarding the real estate tax collection process. Foremost among these duties is the requirement that the clerk keep the books with correct lists of taxable property for use by tax collectors. (Ill. Rev. Stat. 1989, ch. 120, par. 639.) The clerk must also determine the tax rate for each taxing district. (Ill. Rev. Stat. 1989, ch. 120, par. 643.) To facilitate this, each taxing district must file with the clerk a certificate of levy or a copy of the levy ordinance. (See, *e.g.*, Ill. Rev. Stat. 1989, ch. 24, par. 8—3—1.) After determining the appropriate tax rate, the clerk then delivers the tax books to the collecting officials and certifies to the county collector the amount of taxes to be collected. (Ill. Rev. Stat. 1989, ch. 120, pars. 653, 654.) A county clerk has no power to levy taxes or determine whether taxes have been legally assessed and as such his duties in the extension of taxes are purely ministerial. *City of Rockford v. Gill* (1979), 75 Ill. 2d 334, 388 N.E.2d 384.

Appellants argue that the language of section 16 gives the county clerk the authority to refuse to accept the filing of the levying ordinance and to refuse to extend the tax. Thus, the county clerk's acceptance is a condition to the exercise of a governmental unit's power to make a levy for a tax and to have the levy extended. According to the appellants, the statute purports to grant the county clerk powers that are greater than the ministerial function of extending taxes and is therefore unconstitutional.

Initially, we note that legislation is presumed constitutional and the party challenging a statute's constitutionally must rebut this presumption and prove the unconstitutional nature of the statute. (*County of Bureau v. Thompson* (1990), 139 Ill. 2d 323, 564 N.E.2d 1170.) Moreover, in a tax objection case, there is a presumption that the taxes assessed are correct, and the objector bears the burden of proving facts to sustain the objection. *People ex rel. Thompson v. Clark* (1975), 34 Ill. App. 3d 228, 338 N.E.2d 408.

It is apparent that section 16 is but one of many statutes addressing the county clerk's role in the tax collection process. Accordingly, it cannot be read in isolation, but must be read together with the other statutes which regulate the same subject and harmonized whenever possible. *Williams v. Illinois State Scholarship Comm'n* (1990), 139 Ill. 2d 24, 563 N.E.2d 465; *People v. Badoud* (1988), 122 Ill. 2d 50, 521 N.E.2d 884.

The court, in construing legislation, need not adhere to the literal language of the statute if that interpretation would lead to absurd results. If the statute can be reasonably construed so as to avoid such results, then the construction that would render the statute ineffective should be avoided. (*Moyer v. Board of Education of School District No. 186* (1945), 391 Ill. 156, 62 N.E.2d 802.) To accomplish this, each statute is to be construed in light of the general purposes and objects of the acts in order to effectuate the main intent and plan of that statute. *Moyer*, 391 Ill. at 162, 62 N.E.2d at 805.

The intent of the legislature in enacting the Local Government Debt Reform Act is expressed in the "Findings" section of the Act, which provides:

"The General Assembly finds: (a) There have been many and important changes in the market for and practices with respect to the issuance of bonds of local governmental units in recent years.

(b) Various provisions of the Illinois law are inconsistent and outdated.

(c) Many of these provisions result in additional costs for the citizens of the State of Illinois residing in local governmental units because of the sale and issuance of bonds at higher rates than would otherwise be necessary.

(d) The General Assembly deems it advisable and in the best interests of the residents of Illinois local governmental units to provide supplemental authority regarding the issuance and sale of bonds to accommodate such market practices and the provisions of current federal income tax law." Ill. Rev. Stat. 1989, ch. 17, par. 6902.

This legislative intent was effectuated by section 16 of the Act under which a taxing body could levy a tax for bonds, which tax was to be collected in the same year as the levy. In this way the taxing bodies could possibly have lower interest costs, as the payment for the bonds would begin sooner.

The appellants argue that, to be valid, a tax must be levied before the time the law requires the tax books to be completed and in the

hands of the county collector. (*People ex rel. Euziere v. Rice* (1937), 290 Ill. App. 514, 8 N.E.2d 683.) They argue that since section 16 does not contain a deadline by which the levies must be filed, the county clerk has improper discretion in determining whether to extend the levy for that current tax year. By statute, the tax books are to be delivered to the collector by December 31. (Ill. Rev. Stat. 1989, ch. 120, par. 653.) However, this filing date is not mandatory. *People ex rel. Ward v. Chicago & Eastern Illinois Ry. Co.* (1936), 365 Ill. 202, 6 N.E.2d 119.

The record here shows that the books for 1988 were not finalized until sometime after April 17, 1989. A deputy county clerk testified that it was his experience that the books had never been transferred by December 31. The books were not sent to the collector because they were incomplete, as certain information provided by agencies other than the county clerk's office was not yet available. The last piece of information the clerk receives in order to calculate the tax is the final multiplier from the Department of Revenue. In this case, the clerk received the final multiplier on April 17, 1989. By then, all of the bond resolutions and ordinances in question had been filed with the clerk.

When reading the statutes together, the reasonable construction is that the levy must be filed before the tax books are in fact completed. Anything filed before then will be included in that year's tax assessment. Anything filed after the books have been closed will be collected in the subsequent year. In this way, the legislative intent can be made to conform with the practical realities involved in the tax collection process. Taxing districts can issue bonds at lower costs while still allowing the county clerk to timely complete the books.

The process in question did not involve any exercise of discretion by the county clerk. The tax books had not yet been completed when the bond resolutions and ordinances were presented for filing. Since the tax rates had not yet been computed, the clerk included those levies in the final computations. Thus, the actual practice conformed to the statutory scheme of allowing a filing of the levy before the tax rates had been calculated.

The appellants envision a situation where a county clerk might refuse to accept a levy for filing or refuse to extend the tax. However, there is no evidence to support such an allegation.

The record shows that it was the policy of the clerk's office to accept whatever was brought into the office for filing. The deputy county clerk testified that he had never seen a document rejected. The deputy clerk further testified that it was his practice to make an

extension on every levy or bond resolution that is filed. There is nothing to support the appellants' speculation that, at some future time, either of these practices might change.

The constitutionality of a statute is not to be determined by conjectural misapplication, but by examining the facts at hand. (*People v. Matkovick* (1984), 101 Ill. 2d 268, 461 N.E.2d 964; *City of Rockford v. Gill* (1979), 75 Ill. 2d 334, 388 N.E.2d 384; *Village of Itasca v. Luehring* (1954), 4 Ill. 2d 426, 123 N.E.2d 312.) If a statute is in fact applied unconstitutionally, then the courts can deal with that situation if and when it arises. However, under the present facts, the statute has been applied in a constitutional manner.

Section 16 is not an unconstitutional delegation of legislative discretion to the county clerk. The clerk's only decision was whether the tax levy has been filed prior to the finalizing of the tax books so as to allow it to be included in the tax books and collected in the same year. If the books had been closed prior to the filings, the levy would have been collected the following tax year.

The trial court was correct in finding that the actions described in section 16 are ministerial. Accordingly, we affirm the judgment of the Will County circuit court.

Affirmed.

McCUSKEY, J., concurs.

JUSTICE SLATER, dissenting:

I respectfully dissent. I believe that section 16 of the Local Government Debt Reform Act is an unconstitutional delegation of legislative authority. When it comes to the extension of taxes, a county clerk's duties are purely ministerial. (*City of Rockford v. Gill* (1979), 75 Ill. 2d 334, 388 N.E.2d 384.) Section 16 grants the county clerk, with no guidelines or standards to operate by, authority over a governmental unit's power to extend taxes in the current year. A plain reading of the statute indicates that the county clerk's "agreement" to accept the filing is required. If the county clerk is free to accept, he is also free to reject the filing. The decision as to whether the tax will be extended for the current year is improperly vested in the county clerk. I would reverse the judgment of the circuit court.